63974



CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 JAN 29  AM 8: 50

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Bitzer Kuhlmaschinenbau GmbH,<br><br>Plaintiff,<br><br>v.<br><br>Beijing Brilliant Refrigeration Equipment Co., Ltd., Xinchang Liyongda Refrigeration Machinery Co., Ltd., and Li Yongda,<br><br>Defendants. | Civil Action No.:<br><br>**3 - 1 3 C V 0 3 8 1 - L**<br><br>JURY TRIAL |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND PATENT INFRINGEMENT

Plaintiff Bitzer Kuhlmaschinenbau GmbH, by and through its counsel, for its Complaint against Defendants Beijing Brilliant Refrigeration Equipment Co., Ltd., Xinchang Liyongda Refrigeration Machinery, Co., Ltd., and Li Yongda, states as follows:

### THE PARTIES

1.     Plaintiff Bitzer Kuhlmaschinenbau GmbH ("Bitzer") is a foreign corporation organized and existing under the laws of Germany, having its principal place of business at Eschenbrunnlestr, 15 71065, Sindelfingen, Germany.  Plaintiff is the parent company of Bitzer, US, Inc. ("Bitzer US"), a Georgia corporation with its principal place of business located at 4031 Chamblee Road, Oakwood, Georgia 30566.  Bitzer US also conducts business in Texas through local sales agents.

2.     Upon information and belief, Defendant Beijing Brilliant Refrigeration Equipment Co., Ltd. ("Beijing Brilliant") is a foreign company duly organized and existing

under the laws of the People's Republic of China, having its main place of business located at Ruao Industrial Park, Xinchang City, Zheijiang, People's Republic of China. Defendant may be served with process through the Hague Convention. Representatives offering marketing materials and Defendant Beijing Brilliant's products are taking part in the 2013 AHR Expo (International Air-Conditioning, Heating and Refrigerating Exposition), part of the 2013 ASHRAE Winter Conference, hosted at the Dallas Convention Center and commencing on January 28, 2013. Copies of this Complaint and the Application for Temporary Restraining Order are being hand-delivered to such representatives of Defendant Beijing Brilliant at the trade show in Dallas, Texas on January 29, 2013.

3.     Upon information and belief, Defendant Xinchang Liyongda Refrigeration Machinery Co., Ltd. ("Xinchang") is a foreign company duly organized and existing under the laws of the People's Republic of China, having its main place of business located at Yunlin Street, Xinchang County, Shaoxing, Zhejiang 312500, People's Republic of China. Defendant may be served with process through the Hague Convention. Defendant Xinchang's representatives are offering for sale, marketing and offering marketing materials and Defendant Beijing Brilliant's products at the AHR Expo trade show in Dallas, Texas commencing on January 28, 2013. Copies of this Complaint and the Application for Temporary Restraining Order are being hand-delivered to such representatives of Defendant Xinchang at the trade show in Dallas, Texas on January 29, 2013.

4.     Upon information and belief, Defendant Li Yongda ("Yongda") is an individual and serves as the Chairman of Defendant Beijing Brilliant. Upon information and belief, Yongda resides in the People's Republic of China and offices at Beijing Brilliant's sales office located at Shou Tu East Road 5# Chao Yang Area, Beijing, People's Republic of China. Yongda

may be served with process through the Hague Convention. In addition, copies of this Complaint and the Application for Temporary Restraining Order are being hand-delivered to a representative of Beijing Brilliant at the trade show in Dallas, Texas on January 29, 2013, and efforts are being made to locate Defendant Yongda at the trade show.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 over causes of action arising under the Lanham Act. The Court has subject matter jurisdiction over the patent infringement claim under 28 U.S.C. §§ 1331 and 1338(a) and (b) because it is a civil action involving a federal question related to claims for patent infringement under the Patent Act.

6.      The Court has personal jurisdiction over the Defendants based on the following. Representatives of Defendants Beijing Brilliant and Xinchang are in Dallas, Texas right now (January 28 to 30, 2013) actually marketing and offering their products for sale in Texas at the AHR Expo trade show. On information and belief, Defendant Beijing Brilliant and Defendant Xinchang have made numerous offers to sell infringing products to persons in Texas, for performance in whole or in part in the state, thus doing business in the state under Tex. Civ. Prac. & Rem. Code § 17.042, and therefore are subject to personal jurisdiction in the state. Upon information and belief, Defendant Yongda has made numerous offers to sell infringing products to persons in Texas, for performance in whole or in part in the state, thus doing business in the state under Tex. Civ. Prac. & Rem. Code § 17.042, and therefore is subject to personal jurisdiction in the state.

7.      Venue is proper in this District because Defendants are subject to personal jurisdiction in this District. Bitzer has offered for sale and sold its patented compressors

throughout the United States, including in this District.  Defendants are currently offering their infringing products for sale in the United States, including this District at the Dallas Convention Center.

## NATURE OF THE CASE

8.      Plaintiff Bitzer brings this action under 15 U.S.C. § 1051 *et seq.* (the "Lanham Act") against Defendants for, *inter alia,* willful infringement of Bitzer's incontestable registered trademarks, false designation of origin or sponsorship, trademark dilution, unfair competition in connection with Defendants' marketing, sale, and distribution of the products that infringe and dilute Plaintiff Bitzer's trademarks.  Plaintiff further brings this action for patent infringement under 35 U.S.C. § 101 *et seq*. (the "Patent Act").

9.      Plaintiff Bitzer seeks an order from this Court that, *inter alia,* temporarily, preliminarily, and permanently enjoins Defendants from using, claiming ownership in, or otherwise infringing any of Bitzer's trademarks  or designs, or any marks or designs confusingly similar thereto.  Plaintiff also seeks recovery of three times the amount of Defendants' profits or Plaintiff's damages resulting from Defendants' willful infringing activities, whichever is greater, punitive damages, and attorneys' fees.

## PLAINTIFF'S INTELLECTUAL PROPERTY RIGHTS

10.      Bitzer is an internationally known manufacturer of compressors.  The compressor is the core of refrigeration and air conditioning systems.  For more than 75 years, Bitzer has stood for worldwide leading compressor technology.    Bitzer ranks among the leading manufacturers of refrigerant compressors.  Bitzer has a truly global footprint with more than 3,000 employees in over 90 countries.

11.    As early as 1990, Plaintiff Bitzer sought to protect its strong international reputation, goodwill and position as a market leader in the compressor industry by filing an application for a trademark.  A federal trademark application was filed for BITZER and Design (see below) on May 1, 1990:



The BITZER and Design trademark was registered on June 16, 1992 (Trademark Registration No. 1,694,000) in International Class 7 for compressors for refrigeration units, air conditioning units and deep freezing units and parts thereof and International Class 11 for refrigerators, air conditioning units and deep freezing units and parts thereof.  The BITZER and Design trademark was most recently renewed on July 16, 2012.  This registration was initially registered in the name of Bitzer Kuhlmaschinenbau GmbH & Co. KG, a related entity, but currently stands in the name of Plaintiff Bitzer.

12.    Subsequently, Plaintiff Bitzer filed an additional trademark application for BITZER and Design (see below) on July 5, 2010:

On August 30, 2011, the second BITZER and Design trademark was issued (Trademark Registration No. 4,017,827) in the same International Classes 7 and 11 and also International Class 37 for installation, repair, maintenance and servicing of refrigeration units and air conditioning installations and of parts for the aforesaid goods.

13.    These two trademarks (collectively "the Bitzer Marks") have been duly registered with the United States Patent and Trademark Office are valid and subsisting.  True and correct copies of the registrations, as well as the assignment history for Trademark Registration

No. 1,694,000 showing Plaintiff Bitzer as the current owner, are set forth as Exhibit A to the Appendix ("App.") and are incorporated herein by reference (App. 1-9).

14.     For decades, Bitzer has used the Bitzer Marks in connection with its compressors in the United States and throughout the world.  Because of its tremendous sales history and its exclusive, lengthy and extensive use of the Bitzer Marks on goods of superior quality, Bitzer has developed substantial worldwide goodwill and a reputation for high quality compressors.  Over the decades, Bitzer has consistently and exclusively presented and offered its compressors in a proprietary and distinctive shade of kelly green.

15.     Bitzer has devoted significant resources, including financial resources, to advertising, marketing, offering to sale and selling its products.  As a result of these longstanding sales across the globe, and the sales, advertising, promotion and goodwill associated with the Bitzer Marks, the distinctive marks have come to identify Bitzer as the source of goods bearing the Bitzer Marks in the minds of consumers and have achieved enormous goodwill of great value to Bitzer.

16.     Bitzer's products bearing the Bitzer Marks are sold in interstate commerce throughout the United States through Bitzer US, Inc. ("Bitzer US").  Bitzer US is a wholly-owned subsidiary of Plaintiff Bitzer and is authorized to sell products and use the Bitzer Marks in the United States.

17.     The Bitzer Marks appear alone or in combination on all Bitzer products and Bitzer's marketing materials.  True and correct copies of photographs of Plaintiff's products and exemplars of Bitzer's marketing materials are set forth in Exhibit B and are incorporated by reference herein. (App. 10-19)

18.     Bitzer is the sole owner of U.S. Design Patent No. D479,247 entitled "Compressor" (the "'247 Patent") which was issued to Bitzer on September 2, 2003. A true and correct copy of the '247 Patent is attached to this Complaint as Exhibit C and is incorporated by reference herein. (App. 20-26)

## DEFENDANTS' INFRINGING ACTIVITIES

19.     Upon information and belief, Defendant Beijing Brilliant is a manufacturer, distributor, and seller of compressors. In addition to designing and developing compressors, Beijing Brilliant produces and sells specialized refrigeration equipment. True and correct copies of photographs of Beijing Brilliant's products and exemplars of its marketing materials are set forth in Exhibit D. (App. 27-35) Upon information and belief and according to the company's website, Defendant Beijing Brilliant was founded in 1996, four years **after** Plaintiff's initial registration for its BITZER and Design trademark.

20.     Upon information and belief, Defendant Xinchang is a manufacturer. In addition to manufacturing refrigeration valves, Defendant Xinchang distributes and sells compressors, including Defendant Beijing Brilliant's Infringing Products. A true and correct copy of Xinchang's website marketing Infringing Products and printed on January 28, 2013, is set forth in Exhibit D. (App. 36-37)

21.     Upon information and belief, Defendant Yongda assists in activities of Defendant Beijing Brilliant, including the manufacture, distribution, and sale of the Infringing Products. A true and correct copy of the business card of Yongda that was presented with Beijing Brilliant's marketing materials during the AHR Expo trade show on January 28, 2013, is set forth in Exhibit D. (App. 27).

22.     Defendant Beijing Brilliant is currently manufacturing, distributing, and offering for sale compressors that infringe the Bitzer Marks, dilute the Bitzer Marks, falsely designate the source of the compressors, and infringe Bitzer's patent.  The compressor products offered by Defendants (the "Infringing Products"), as well as the marketing materials and business cards, bear a green bar and diamond design that is virtually identical to the Bitzer Marks that are located on Bitzer's compressors and Bitzer's related marketing materials.   The Infringing Products are likely to confuse consumers.  In addition to bearing a virtually identical green design, the Infringing Products are also painted a shade of kelly green that duplicates the proprietary color of Bitzer's products.  The virtually identical design, the virtually identical logo and the virtually identical kelly green color demonstrate that Defendants are infringing Plaintiff's rights.

23.     Specifically, at this very time at the AHR Expo trade show taking place at the Dallas Convention Center, Defendants are displaying and marketing two products that are exceptionally similar to Plaintiff's products, by using a design that is strikingly similar to Plaintiff's design, by using logos on their products that are nearly identical to the Bitzer Marks, and by using a proprietary and well-known color that is blatantly attempting to mirror Plaintiff's color in an attempt to confuse consumers.  Among other products, Plaintiff offers two versions of Bitzer's semi-hermetic reciprocating compressors (stage 1 and stage 2) in its marketing materials and at the AHR Expo trade show.  True and correct examples of these products, photographs taken at the trade show and marketing materials of Plaintiff are included in Exhibit B. (App. 13-16)

24.     Defendants are offering for sell two infringing copies of Bitzer's semi-hermetic reciprocating compressors at the AHR Expo trade show in Dallas.  True and correct photographs

of the actual products in Xinchang's exhibitor booth and exemplars of the marketing materials offered by Beijing Brilliant, Xinchang and Yongda are set forth in Exhibit D and incorporated herein by reference. (App. 27-37).   A side-by-side comparison of Plaintiff's semi-hermetic reciprocating compressors and Defendants' infringing compressors clearly demonstrate Defendants' trademark infringement, trademark dilution, false designation of source, unfair competition and patent infringement.   True copies of the side-by-side comparisons are set forth below:



| Bitzer's Products at AHR Expo | Defendants' Products at AHR Expo |

| Bitzer's Products at AHR Expo | Defendants' Products at AHR Expo |
|---|---|
|  |  |

25.     Bitzer first learned of Defendants' conduct and Infringing Products on  January 28, 2013, when David Sylves, Director of Insider Sales for Bitzer US, attended the AHR Expo trade show in Dallas, Texas and saw Defendants' Infringing Products on display in a booth for exhibitor Defendant Xinchang.   The materials included in Exhibit D, including Defendant Beijing Brilliant's product brochure with imitations of the Bitzer Marks and designs throughout the brochure and photographs of Defendants' Infringing Products, were personally collected by Mr. Sylves at the AHR Expo trade show on January 28, 2013.   Likewise, the photographs of Plaintiff's products and Defendants' Infringing Products in Paragraph 24 and Exhibit D were personally taken by Mr. Sylves at the AHR Expo trade show on January 28, 2013.

26.     On information and belief, Defendants, without license from Bitzer, have sold and offered for sale and currently sell and offer for sale certain compressors to which the patented design of the '247 Patent or a colorable imitation thereof has been applied, including but not limited to the Infringing Products offered at the AHR Expo and marketed in Defendants' product brochure and website.   True and correct copies of a side-by-side comparison of the design of

Plaintiff's Patent and the design of Defendants' Infringing Products is set forth as Exhibit F and incorporated herein by reference. (App. 38-39)

27.     Upon information and belief, long after Bitzer's adoption, use, and/or registration of the Bitzer Marks and the Bitzer Patent on compressors, Defendants began manufacturing, distributing and offering for sale the Infringing Products without the permission or authorization of Bitzer in violation of Bitzer's trademark and patent rights.

28.     Defendants produced compressor Infringing Products that are virtually identical to Bitzer's authentic compressor products and lead consumers and prospective consumers to think or believe that Defendants' Infringing Products are distributed through Bitzer's customary channels of distribution.

## DEFENDANT'S WILLFULNESS

29.     Defendants knowingly and willfully adopted the Bitzer Marks and infringed Bitzer's Patent so that consumers would confuse the products being sold by Defendants for genuine Bitzer products sold in the United States and across the world.

30.     Upon information and belief, Defendants have imported and distributed the Infringing Products bearing the Bitzer Marks and infringe the Bitzer Patent with knowledge of Bitzer's prior rights in and to the trademarks and patents therein.

31.     Upon information and belief, Defendants' adoption and use of the Bitzer Marks was willful as a matter of law, having been adopted with knowledge of Bitzer's prior rights in and to the Bitzer Marks and with intent to trade on and benefit from the goodwill established in the marks by Bitzer.

32.     Upon information and belief, Defendants' willful disregard of Plaintiff's rights is further evidenced by Defendants' willful infringement of the Bitzer Patent and use of Bitzer's

proprietary and well-known compressors in the shade of kelly green with knowledge of Bitzer's prior rights, and with intent to trade on and benefit from the goodwill established in the trade name of Bitzer.

33.     Both Plaintiff and Defendants manufacture and sell compressors used for air conditioning and refrigeration.   Upon information and belief, Defendants' goods bearing unauthorized and confusingly designs akin to the Bitzer Marks are ultimately sold in the types of outlets where one might expect to find authorized Bitzer products.  Defendants' compressors and Bitzer's compressors trade and advertise in the same industry channels and marketplaces, including the same AHR Expo trade show taking place this week in Dallas, Texas.  Defendants' Infringing Products directly compete with Plaintiff's authorized products.

34.     For all of the foregoing reasons, Defendants' importation, distribution, promotion, offer to sell and/or sale of the Infringing Products is likely to result in confusion as to the source and origin of these products and is likely to mislead the public into falsely believing that Defendants are distributing Bitzer's authorized products.

35.     Defendants' acts are willful.  By its willful infringement of Bitzer's valid and subsisting registered trademarks and patent, Defendants are seriously and irreparably damaging Bitzer and the goodwill which it has accumulated over more than 75 years.

## COUNT ONE
## WILLFUL FEDERAL TRADEMARK INFRINGEMENT

36.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 35 as if fully set forth herein.

37.     Bitzer has not licensed any of the Bitzer Marks to Defendants.

38.     On information and belief, Defendants have been manufacturing, importing, using, distributing, offering for sale and/or selling compressors that infringe the Bitzer Marks.

39.     On information and belief, Defendants, without license from Bitzer, have sold and offered for sale and currently sell and offer for sale certain compressors to which virtually identical and confusingly similar logos, designs or a colorable imitation of the Bitzer Marks has been applied. *See, i.e.*, Paragraph 24.

40.     On information and belief, the activities of Defendants have been for the purpose of infringing the Bitzer Marks and causing confusion among consumers in the marketplace.

41.     On information and belief, by offering for sale and/or selling infringing compressors, Defendants are directly competing against Bitzer.

42.     Defendants are willfully infringing Bitzer's registered trademarks by its unauthorized use of confusingly similar and identical marks on and in connection with the compressor Infringing Products (and related marketing materials) without Plaintiff's permission or consent and with the intent to deceive the public.

43.     Defendants' activities are likely to lead to and result in consumer confusion, mistake, or deception and are likely to cause consumers and the public to believe that Bitzer has sponsored, authorized, or licensed Defendants' products for sale in the United States and that Defendants' products are being distributed by Bitzer, Bitzer US or an authorized distributor.

44.     Plaintiff has been and will continue to be irreparably harmed unless Defendants are temporarily, preliminarily and permanently enjoined from such unlawful conduct. Plaintiff has no adequate remedy at law.

45.     The infringing acts of Defendants have been the actual and proximate cause of damage to Bitzer.  Bitzer has sustained damage and will continue to sustain damages as a result of Defendants' infringement of the Bitzer Marks.

46.     Defendants will continue to infringe the Bitzer Marks unless the Court enjoins its infringing acts.

47.     In light of the foregoing, Plaintiff is entitled to a temporary, preliminary and permanent injunction prohibiting Defendants from using Bitzer Marks, or any mark confusingly similar thereto (including the design currently found on the Infringing Products and related marketing materials), and to recover from Defendants all damages that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action pursuant to 15 U.S.C. § 1117(a) or, at Plaintiff's option, statutory damages pursuant to 15 U.S.C. § 1117(c).

48.     As this is an exceptional case given Defendants' willful acts, pursuant to 15 U.S.C. § 1117(a), Plaintiff is further entitled to three times the amount of the above profits or damages, whichever is greater, and its attorneys' fees.

## COUNT TWO
## FALSE DESIGNATION OF ORIGIN AND
## FALSE REPRESENTATIONS OF FACT

49.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50.     On information and belief, Defendants have been manufacturing, importing, using, distributing, offering for sale and/or selling compressors that falsely designate and/or misrepresent the source of their products.

51.     On information and belief, Defendants, without license from Bitzer, have sold and offered for sale and currently sell and offer for sale certain compressors to which virtually identical and confusingly similar logos, designs or a colorable imitation of the Bitzer Marks have been applied to mislead the consumers as to the sources of the products. *See, i.e.*, Paragraph 24.

52.     On information and belief, the activities of Defendants have been for the purpose of falsely designating the origin of the products and causing confusion among consumers in the marketplace.

53.     The false designating acts of Defendants have been the actual and proximate cause of damage to Bitzer.  Bitzer has sustained damage and will continue to sustain damages as a result of Defendants' unlawful acts.

54.     Defendants' use of the Bitzer Marks or any mark confusingly similar thereto on or in connection with the compressor Infringing Products (and related marketing materials) constitutes a false designation of origin and false and misleading descriptions and representations of fact which are likely to cause confusion or mistake, or to deceive the relevant purchasing public as to the origin or sponsorship of Defendants' goods.

55.     Plaintiff has been harmed and will continue to be irreparably harmed as a result of Defendants unlawful actions unless Defendants are temporarily, preliminarily and permanently enjoined from their unlawful conduct.  Plaintiff has no adequate remedy at law.

56.     Defendants will continue to falsely designate the source of their products and will continue to mislead and confuse the consumers as to the sources of their Infringing Products unless the Court enjoins its unlawful acts.

57.     In light of the foregoing, Plaintiff is entitled to a temporary, preliminary and permanent injunction prohibiting Defendants from using the Bitzer Marks or any marks

confusingly similar thereto (including the design currently found on the Infringing Products and related marketing materials), and to recover from Defendants all damages that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action pursuant to 15 U.S.C. § 1117(a) or, at Plaintiff's option, statutory damages pursuant to 15 U.S.C. § 1117(c).

58.     As this is an exceptional case given Defendants' willful acts, pursuant to 15 U.S.C. § 1117(a), Plaintiff is further entitled to three times the amount of the above profits or damages, whichever is greater, and attorneys' fees.

## COUNT THREE
## FEDERAL TRADEMARK DILUTION

59.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60.     Defendants' promotion and sale of the Infringing Products directly threaten to dilute, and have diluted, the distinctiveness of the Bitzer Marks by blurring the marks' ability to act as a distinctive identifier of source or origin and by circumventing Plaintiff's efforts designed to maintain the integrity of the products with which its trademarks are associated.

61.     Bitzer has not licensed any of the Bitzer Marks to Defendants.

62.     On information and belief, Defendants have been manufacturing, importing, using, distributing, offering for sale and/or selling compressors that dilute the Bitzer Marks.

63.     On information and belief, Defendants, without license from Bitzer, have sold and offered for sale and currently sell and offer for sale certain compressors to which virtually

identical and confusingly similar logos, designs or a colorable imitation of the Bitzer Marks has been applied. *See, i.e.*, Paragraph 24.

64.     On information and belief, the activities of Defendants have been for the purpose of or has resulted in the diluting the Bitzer Marks and causing confusion among consumers in the marketplace.

65.     The diluting acts of Defendants have been the actual and proximate cause of damage to Bitzer.  Bitzer has sustained damage and will continue to sustain damages as a result of Defendants' dilution of the Bitzer Marks.

66.     Defendants will continue to dilute the Bitzer Marks unless the Court enjoins its infringing acts.

67.     Defendants' foregoing unlawful acts have irreparably harmed, and will continue to irreparably harm Plaintiff unless this Court temporarily, preliminarily, and permanently enjoins Defendants from engaging in their unlawful conduct.

68.     Defendants acts have been willful and in disregard of Plaintiff's rights. Defendants knew or should have known that their actions constituted trademark dilution, or they proceeded recklessly in disregard of Plaintiff's rights.

69.     Plaintiff is entitled to a temporary, preliminary and permanent injunction prohibiting Defendants from using the Bitzer Marks or any mark confusingly similar thereto (including the design currently found on the Infringing Products and related marketing materials); to recover from Defendants all damages that Plaintiff has sustained and will sustain, and all gains, profits, and advantages that Defendant has obtained as a result of the foregoing infringing activities, in an amount not yet known; the costs of this action, and; attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**Complaint for Trademark Infringement, Trademark Dilution,**
**False Designation of Origin, Unfair Competition and Patent Infringement**          Page 17

## COUNT FOUR
## UNFAIR COMPETITION UNDER THE LANHAM ACT

70.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 69 as if fully set forth herein.

71.    Defendants' unlawful activities in appropriating Bitzer's rights in its trademarks were intended to capitalize for Defendants' own pecuniary gain on the goodwill and excellent reputation of Plaintiff and which Plaintiff has expended substantial time, resources and effort to obtain.   Therefore, Defendants are unjustly enriched and are benefitting from property rights which rightfully belong to Plaintiff.

72.    Plaintiff  has been harmed and will continue to be irreparably harmed as a result of Defendants' unlawful actions unless Defendants are temporarily, preliminarily and permanently enjoined from their unlawful conduct.  Plaintiff has no adequate remedy at law.

73.     In light of the foregoing, Plaintiff is entitled to a temporary, preliminary and permanent injunction prohibiting Defendants from using the Bitzer Marks or any mark confusingly similar thereto (including the design currently found on the Infringing Products and related marketing materials), and to recover from Defendants all damages that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

74.    By Defendants' knowing, willful and/or malicious actions, Defendants are also liable for punitive damages.

## COUNT FIVE
## PATENT INFRINGEMENT

75.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 74 as if fully set forth herein.

76.    Bitzer has not licensed any of its rights in the '247 Patent to Defendants.

77.    On information and belief, Defendants have been manufacturing, importing, using, distributing, offering for sale and/or selling compressors that infringe the '247 Patent.

78.    On information and belief, Defendants, without license from Bitzer, have sold and offered for sale and currently sell and offer for sale certain compressors for which the patented design of the '247 Patent or a colorable imitation thereof has been applied. *See* Exhibit E. (App. 38-39)

79.    On information and belief, the activities of Defendants have been for the purpose of infringing, either directly or indirectly, the '247 Patent.

80.    On information and belief, by offering for sale and/or selling infringing compressors, Defendants are directly competing against Bitzer.

81.    Defendants have been, and still are, literally infringing the '247 Patent by manufacturing, importing, using, offering for sale and/or selling compressors within the scope of the '247 Patent.

82.    Defendants have been, and still are, committing acts of infringement of the '247 Patent under the Doctrine of Equivalents by manufacturing, importing, using, offering for sale and/or selling compressors that are equivalent to the design within the scope of the '247 Patent.

83.    The actions of Defendants have been and are willful and deliberate with full knowledge of the '247 Patent.

84.     The infringing acts of Defendants have been the actual and proximate cause of damage to Bitzer.  Bitzer has sustained damages and will continue to sustain damages as a result of Defendants' infringement of the '247 Patent.

85.     Bitzer has no adequate remedy at law.

86.     Defendants will continue to infringe the '247 Patent unless the Court enjoins its infringing acts.

## PRAYER FOR RELIEF

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.     That Defendants, their agents, servants, employees, associates, and attorneys, and all persons acting by, through, or in active concert with any of them be temporarily, preliminarily and permanently enjoined from:

(1)     Importing and/or distributing without Bitzer's authorization any goods bearing the designs, including without limitation, the Infringing Products ;

(2)     Using the Bitzer Marks or any mark confusingly similar thereto;

(3)     Using any trademark, or committing any other act, which falsely represents or which has the effect of falsely representing that the goods of Defendants are licensed, authorized by, or in any way associated with Plaintiff;

(4)     Otherwise infringing Plaintiff's registered trademarks, trade dress and patents; and

(5)     Otherwise unfairly competing with Plaintiff.

B.      That Defendants account to Plaintiff for all gains, profits and advantages derived from Defendants' wrongful acts.

C.      That Plaintiff recover from Defendants all Defendants' profits and all damages, including lost profits, sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate, pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 504 and as a result of its infringement of the '247 Patent.

D.      That Plaintiff recover damages from Defendants to compensate it for the infringement of the '247 Patent by Defendants pursuant to 35 U.S.C. § 284;

E.      That Plaintiff recover from Defendants three times the amount of Defendants' profits or Plaintiff's damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 504 and an award of treble damages to Plaintiff pursuant to 35 U.S.C. § 284;

F.      That Plaintiff recover from Defendants punitive damages;

G.      That this Court find that Defendants willfully and deliberately infringed the '247 Patent;

H.      That this Court find this is an exceptional case pursuant to 35 U.S.C. § 285; and

I.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,


/s/ Jay F. Utley
John G. Flaim (Lead Counsel)
Texas Bar No. 00785864
E-Mail: john.flaim@bakermckenzie.com
Jay F. Utley
Texas Bar No.  00798559
E-Mail: jay.utley@bakermckenzie.com
Kimberly F. Rich
Texas Bar No. 24010344
E-Mail: kimberly.rich@bakermckenzie.com
BAKER & MCKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone:  (214) 978-3000
Facsimile:  (214) 978-3099

ATTORNEYS    FOR    PLAINTIFF
BITZER KUHLMASCHINENBAU GMBH

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Bitzer Kuhlmaschinenbau GmbH | Beijing Brilliant Refrigeration Equipment Co., Ltd., Xinchang Liyongda Refrigeration Machinery Co., Ltd., and Li Yongda |

**(b)** County of Residence of First Listed Plaintiff  Germany
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jay F. Utley
Baker & McKenzie LLP
2001 Ross Avenue, Suite 2300, Dallas, Texas 75201 214-978-3000

Attorneys *(If Known)*

RECEIVED
JAN 29 2013
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Med. Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☒ 840 Trademark | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br><br>**IMMIGRATION** | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1051, et seq. and 35 U.S.C. § 101, et seq.

Brief description of cause:
Trademark infringement and patent infringement of D479,247

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:

*(See instructions)*:  JUDGE                      DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 01/29/2013 | /s/Jay F. Utley |

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE